UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER FUSCO,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT
OF CORRECTIONS,

Defendant.

21-CV-1943 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the custody of the Westchester County Department of Correction (DOC), brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff seeks to enjoin the DOC from applying policies that limit law library hours and deny prisoners use of a computer to draft pleadings. He further alleges that a correction officer told him that he could lose his position as "law library trustee" if filed a second grievance about these policies.

By order dated March 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff Christopher Fusco states that his claims arose between January 14, 2021, and February 25, 2021, during his detention as a pretrial detainee in the custody of the Westchester County DOC. The DOC inmate rules and regulations indicate that the Westchester County Jail's library is open five days per week (1:00 p.m. to 9:00 p.m.) and that inmates may "stay in the library as long as necessary to complete their legal work." (ECF 2 at 39.) According to Plaintiff, the DOC is restricting law library access to two hours daily (between 5:00 p.m. and 7:00 p.m.), and closing the law library on weekends and holidays. (*Id.* at 7.) Moreover, due to "preliminary quarantine procedures," the law library is frequently closed at other times; for example, it was closed February 1-2, 2021, February 6-7, 2021, February 12-15, 2021, and the weekends of February 20-21, 2021, and February 27-28, 2021. (*Id.* at 8.)

Plaintiff "is litigating two state-level criminal appeals, three matters in Dutchess County Family Court, a federal 18 U.S.C. § 2261A2 charge, [and] a 42 U.S.C. § 1983 complaint against Andrew Cuomo."[2] (*Id.*) Plaintiff contends that because of law library limitations, his *pro se* § 1983 complaint against Cuomo had typographical errors and is "presumedly procedurally ineffective." (*Id.*) Plaintiff also "missed a 30 day filing window to take an appeal of an 02 December 2020 order of the Family Court . . . because [he] simply didn't have enough time or

---

[2] Plaintiff attaches documents showing that he faces pending criminal proceedings in the County Court, Dutchess County, and is charged in this Court with interstate stalking, in violation of 18 U.S.C. § 2261A, *United States v. Fusco*, No. 7:21-CR-0156 (CS) (S.D.N.Y.). An attorney with the Federal Defenders of New York was appointed to represent him in the federal criminal proceedings, though he has requested "hybrid" representation and filed *pro se* documents in that action. Plaintiff has a family offense proceeding in the New York Family Court, Dutchess County, and he attaches documents stating that an attorney has been appointed to represent him in that proceeding. Plaintiff also filed *Fusco v. Cuomo*, No. 21-CV-1908 (rec'd Mar. 4, 2021 S.D.N.Y.), raising claims about his speedy trial rights in his state criminal proceedings.

information to make an informed decision on appellate action." (*Id.* at 11.) [3] He was "unable to keep up-to-date on all his other matters and bring an appeal under Covid-19 restrictions." (*Id.*)

Moreover, inmates are limited to using "a mechanical typewriter with no editing capabilities." (*Id.*) Although the law library has computers that inmates are permitted to use for research, an inmate "may not use the existing computer terminal to draft and edit a complaint." (*Id.*) Plaintiff contends that this violates his constitutional rights.

Plaintiff filed a grievance regarding law library access. He attaches to the complaint Sergeant Losco's February 8, 2021 response, which denied the grievance on the ground that legal materials were provided to inmates for free upon written request during the period that the law library was unavailable because of a suspected case of Covid-19 in Plaintiff's housing unit. (*Id.* at 37.) The grievance response also denied Plaintiff's request to expedite his inmate worker application, on the ground that such applications are processed on a "first come, first served basis." (*Id.* at 38.)

Six days later, on February 14, 2021, Plaintiff wrote a second grievance regarding law library access, and he gave that grievance to Sergeant Hurley. The Inmate Jobs Coordinator, Sergeant Hogue, told Plaintiff that he "could lose [his] job as Core I Law Library Trustee by filing the 14 February 2021 grievance because he was 'making waves' & 'causing extra work for officers.'" (*Id.* at 15.) This deterred Plaintiff from continuing with the second grievance.

Plaintiff brings this suit naming the DOC as the sole Defendant. Plaintiff seeks damages, an order enjoining DOC from restricting law library hours, and a declaration that the restricted hours and denial of computers violates his constitutional rights. On March 25 and 26, 2021, the

---

[3] Plaintiff attaches documents showing that he filed a *pro se* motion to dismiss the family offense proceeding against him on the ground of insufficient evidence (ECF 2 at 39-41), but it is unclear if it is the denial of that motion that he considered appealing.

Court received identical affidavits signed by non-party inmates, in which they state that this action is about "the quality of the law library at Westchester County Jail," and that because it is insufficient, they are "unable to properly defend" themselves against the pending charges against them. (ECF Nos. 9-23.) Plaintiff also filed three additional affidavits. (ECF Nos. 24-26.)

## DISCUSSION

### A.    Westchester County Department of Correction

Plaintiff's claims against the Westchester County DOC must be dismissed because under New York law, county agencies or departments do not have the capacity to be sued in their own names. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Instead, claims against such agencies must be brought in the name of the County. The Court therefore considers whether Plaintiff's allegations state a claim against the County of Westchester.

### B.    Access to the Courts

Prisoners "have a constitutional right of access to the courts," and this generally "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds v. Smith,* 420

U.S. 817, 821, 828 (1977)).[4] "[P]rison law libraries and legal assistance programs are not [constitutionally mandated] ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

A claim for deprivation of access to the courts requires two allegations: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. And mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Moreover, prison law libraries are merely "one constitutionally acceptable method to assure meaningful access to the courts," *id.*, and "the provision of counsel can be a means of accessing the courts." *Benjamin v. Fraser,* 264 F.3d 175, 186 (2d Cir. 2001). "Because attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not

---

[4] "[T]he Supreme Court has grounded the right of access to the courts in the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment." *Bourdon*, 386 F.3d at 95 (citation omitted).

furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff alleges that in light of limited law library access, he was unable to determine whether he should appeal an unspecified Family Court order. (ECF 2 at 11.) First, Plaintiff's vague allegations do not identify any "nonfrivolous, 'arguable' underlying claim," *Harbury*, 546 U.S. at 415, that he was unable to litigate in the Family Court because of restricted library hours. Moreover, it appears from Plaintiff's complaint that he is represented by counsel in the Family Court proceedings, and he makes no allegation that he lacked access to his attorney. *See Bourdon*, 386 F.3d at 98 ("[T]he term 'adequate' as used in *Bounds* to modify 'assistance from persons trained in the law,' refers not to the effectiveness of the representation, but to the adequacy of the prisoner's access to his or her court-approved counsel or other law-trained assistant."). Because Plaintiff has not pleaded facts suggesting that he was hindered from pursuing an arguably meritorious legal claim, and representation by counsel establishes constitutionally acceptable access to courts, Plaintiff's allegations are insufficient to plead a cognizable harm to his constitutional rights.

Plaintiff's allegations that there may be typographical errors or procedural defects in his complaint in *Fusco.*, No. 21-CV-1908 (S.D.N.Y.), are purely speculative and thus also fail to show that he suffered a cognizable injury for purposes of a claim that Defendants have violated his right of access to the courts.

Even if Plaintiff had sustained a cognizable injury, he fails to plead facts showing that the prison policies violate prisoner's constitutional rights. In the prison context, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also*

*Thornburgh v. Abbott*, 490 U.S. 401, 414 (1989) (holding, in the context of prison policy governing incoming mail, that "we must determine whether the governmental objective underlying the regulations at issue is legitimate and neutral, and that the regulations are rationally related to that objective").[5] An important factor in determining the reasonableness of a prison restriction is whether alternative means of exercising the right remain open to prison inmates. *Id.* at 90. "Where "other avenues" remain available for the exercise of the asserted right, courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials . . . in gauging the validity of the regulation.'" *Id.* (citations omitted).

Here, Plaintiff alleges that current policies, which limit law library hours and prohibit the use of computers to draft pleadings, are arbitrary. (ECF 2 at 14.) It appears from the complaint and attachments thereto that access to the law library was restricted due to a suspected case of COVID-19 – a presumptively neutral and legitimate reason – and that alternative means of obtaining legal research were available to Plaintiff without visiting the law library. Plaintiff also makes clear that he has access to pen, paper, and some typewriter access to draft his complaints. Plaintiff thus alleges facts showing that he has alternative means of fully vindicating his right of access to the courts. As such, Plaintiff fails to plead facts stating a claim that the DOC's policies regarding law library hours and computer use violates his constitutional rights.

---

[5] "[T]he Second Circuit regularly applies the *Turner* test to challenges to the conditions under which pretrial detainees are held." *United States v. Loera*, No. 09-CR-466S4 (BMC), 2017 WL 9481022, at *4 (E.D.N.Y. Sept. 27, 2017), *report and recommendation adopted in part*, No. 09-CR-00466 (BMC), 2017 WL 4675773 (E.D.N.Y. Oct. 17, 2017); *United States v. El-Hage*, 213 F.3d 74, 81 (2d Cir. 2000) (applying *Turner* to pretrial detainee's challenge to conditions of confinement).

C.      **Refusal to Accept Grievance**

"The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances." *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-2011 (RJS), 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008). District courts have explained that:

> [I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983. When an inmate sets forth a constitutional claim in a grievance to prison officials and the grievance is ignored, the inmate has the right to directly petition the government for redress of that claim. Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983.

*Cancel v. Goord*, No. 00-CV-2042 (LMM), 2001 WL 303713, at *3 (S.D.N.Y. 2001); *see also Johnson v. Barney*, No. 04-CV-10204 (LBS), 2007 WL 900977, at *1 (S.D.N.Y. Mar. 22, 2007) ("While a prisoner's right to meaningful access to the courts is clearly protected by the First Amendment right to petition the government, the same cannot be said for the prison grievance system."). Plaintiff's allegations that a correction officer refused to accept his second grievance therefore fails to state a claim on which relief can be granted because his remedy is a lawsuit, such as this one, litigating the underlying claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for the denial of his rights to access the courts, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint, and therefore any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Prisoner Civil Rights Complaint," and label the document with docket number 21-CV-1943 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2021
         New York, New York

_____
         COLLEEN McMAHON
     Chief United States District Judge

11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                 Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 2:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 3:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 4:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____