UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER FUSCO,<br><br>                      Plaintiff,<br><br>-against-<br><br>WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS; COUNTY OF DUTCHESS; COUNTY OF WESTCHESTER; TOWN OF POUGHKEEPSIE; MARCUS MOLINERO, Executive for County of Dutchess; JONATHAN LANE, Special Agent F.B.I.; ADRIAN ANDERSON, Sheriff of Dutchess County; KIRK IMPERATI, Undersheriff OF Dutchess County; MICHAEL WALTERS, Corr. Administrator of County Sheriff's Office; JAMES MCALISTER, State of New York Ninth Judicial Dist. Executive; PETER PALLADINO, Chief Clerk for Dutchess Co. Family Court; WILLIAM GRADY, Dist. Attorney for Dutchess County; BRITTANY KESSEL, Asst. District Attorney of Dutchess County; PAUL CALLAGY, Sr. Asst. Public Defender for Dutchess County; JOSEPH SPANO, Commissioner for Westchester Co. Dept. of Correction; NORY PADILLA, 1ST Deputy Commissioner for Westchester Dept. Correction; LEANDRO DIAZ, Deputy Commissioner Westchester Dept. of Correction; MICHAEL GERALD, Deputy Commissioner Westchester Dept. of Correction; KEITH CAMERA, Asst. Warden for Westchester Dept. Correction; FRANCIS DELGROSSO, Asst. Warden Westchester Dept. of Correction; WALTER MOCCIO, Asst. Warden Westchester Dept. of Corr.; LAFONDA SPAULDING, Asst. Warden Westchester Dept. of Corr.; KARL VOLLMER, Asst. Warden Westchester Dept. of Corr.; HOGUE, Sergeant for Westchester Dept. of Corr.; FLORKOWSKI, Sergeant for Westchester Dept. of Corr; EDDY, Correctional Officer for Westchester Dept. of Corr.; TWO UNKNOWN LAW ENFORCEMENT OFFICERS,<br><br>                      Defendants. | 21-CV-1943 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging

that policies of the Westchester County Department of Correction (WCDOC) limiting law library

access violated his rights under the First Amendment. By order dated April 1, 2021, the Court held that Plaintiff's allegations that access to the law library was limited and computer resources were subpar failed to state a claim because he did not show that these circumstances had frustrated his ability to litigate a valid claim while at Westchester County Jail.

On May 3, 2021, Plaintiff filed an amended complaint, and the Court has reviewed it. For the reasons set forth below, the Court dismisses Plaintiff's claims, in part without prejudice and in part with prejudice.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's in forma pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his amended complaint, Plaintiff makes the following allegations concerning events that occurred during his detention in the custody of WCDOC. Plaintiff was transferred to Westchester County Jail (WCJ) on or about January 14, 2021, and was "in full quarantine" until January 31, 2021. (ECF 38 at 20, ¶34.) During this time, Plaintiff left his cell only briefly to shower, and food was brought to his cell. (*Id.*) Eight days after Plaintiff's transfer to WCJ, Plaintiff's federal defender, Jason Ser, finally contacted him. (*Id.* at ¶28.) Plaintiff's contact with his attorney continues to be insufficient. (*Id.*)

DOC policy does not prioritize attorney video visits over personal visits, and this made it difficult for Plaintiff to schedule video visits with his attorney, even though Plaintiff had hours of material he wished to discuss. Video visits are not private, which impeded Plaintiff's ability to discuss privileged matters with his attorney, and Plaintiff was unable to view discovery documents at the same time as the video visit, although the attorney offered to "hold up" the documents so that Plaintiff could see them during the visit. (*Id.* at ¶ 29.)

A rule prohibiting inmates from issuing more than two checks per month from their inmate accounts delayed Plaintiff's ordering of transcripts from proceedings in the Stony Point Town Court, "LA Superior Court," the Town of Poughkeepsie, and "Family Court" and also impaired Plaintiff's ability to pay for documents that Plaintiff sought from Dutchess County agencies under New York's Freedom of Information Law. (*Id.* at ¶ 30.)[1]

Christopher Montalto is Plaintiff's appointed counsel in Family Court proceedings. (*Id.* at ¶ 31.) Plaintiff had to pay to make five copies of his appeal from an unspecified Family Court order. (*Id.*)

WCDOC updated its rules in May 2020, and the amended rules specify certain hours that law libraries are to be available. (*Id.* at ¶ 32.) On July 22, 2020, Assistant Warden Francis Delgrosso issued a memorandum further restricting access to the law library. (*Id.* at ¶ 33.) Moreover, sergeants Hogue and Florkowski "institute 'preliminary quarantine procedures' that amount to 'movement restrictions' when there is some concern that an inmate may have COVID-19." (*Id.*) The triggers for these procedures appear "very arbitrary," and during such periods, inmates are not allowed to visit the law library.

On an unspecified date, Plaintiff was transferred to Housing Block B. (*Id.* at ¶ 35.) That same day, Housing Block B was "put on preliminary quarantine because of a suspected case of Covid 19" and inmates "were not allowed to leave the Housing Block to visit the law library." (*Id.*) Plaintiff was "provided with a form to make [a] request to the law librarian but she was not allowed to visit the Housing Unit until after the movement restrictions were lifted." (*Id.*)

---

[1] Plaintiff does not plead any facts about what information he was seeking or how he intended to use such information.

Law library access was also restricted on weekends and holidays. (*Id.* at ¶ 34.) The only computer software available in the WCDOC law library makes it difficult to find caselaw unless one already knows the case citation. (*Id.* at ¶ 38.) The law librarian is overworked. (*Id.* at ¶ 39.) Access to the video visit phone in the library was allowed while, during the same period, legal research hours in the library were restricted. (*Id.* at ¶ 36.)

On an unspecified date, while Plaintiff was still in Dutchess County Jail (and before his detention in the custody of WCDOC beginning January 2021), the deadline for Plaintiff to appeal from certain of his state criminal convictions was set to expire. (*Id.* at ¶ 38.) Plaintiff mailed a handwritten paper titled, "Notice of Appeal," to the courts for the Towns of Poughkeepsie and East Fishkill. Plaintiff has submitted multiple inquires to Kevin Irwin and Michael Cohn of those courts but has not received any response. (*Id.*) There "appears to be a process to ask for permission to file a late appeal [but this] is information [Plaintiff] will never be able to acquire under the present set of circumstances." (*Id.* at ¶ 40.)

Plaintiff asks to go to the law library "literally every single day." (*Id.* at ¶ 41.) He contacted the Deputy Commissioner of WCJ about law library access, with a copy of the Court's order to amend in this case. (*Id.*) Correction Officer Eddy "purposely wouldn't call the Core to see if [Plaintiff] could go to the law library." (*Id.* at ¶ 41.) Delivery of meals and medication also sometimes interferes with and limits Plaintiff's time in the law library. (*Id.* at ¶ 42.) The restrictions on law library use, imposed in connection with the Covid-19 pandemic, seem to Plaintiff to be arbitrary in various ways.

WCJ had a policy of issuing four free stamped envelopes per week. In April 2021, "they stopped giving them out," and Sergeant Florkowski "said [Plaintiff] couldn't have any more until he 'decided [that Plaintiff] needed them.'" (*Id.* at ¶ 43.)

Plaintiff further alleges: "I forgot to add the time Sgt. Hogue told me I could lose my job as CORE I Law Library Trustee if I filed a second grievance because I was 'making waves' and 'causing extra work for officers.'" (*Id.* at 24.)

Plaintiff seeks damages and "a remedial order restricting WCDOC from enforcing the 2 hour per day COVID 19 restrictions on law library access ordered by Francis Delgrosso on 22 July 2020, plus a remedial order providing funding . . . to hire 4 pre-law students" (one for each facility) to be available "for at least one 30 minute appointment per inmate per week . . ." (*Id.* at 24.) Plaintiff's claims arising from events that occurred while he was in the custody of WCDOC are asserted against Defendants Westchester County; WCDOC supervisory officials (Commissioner Joseph Spano, and Deputy Commissioners Nory Padilla, Leandro Diaz, And Michael Gerald); five Assistant Wardens (Keith Camera, Francis Delgrosso, Walter Moccio, Lafonda Spaulding, and Karl Vollmer); Sergeants Hogue and Florkowski; and Correction Officer Eddy (collectively, "the Westchester County Defendants").

In addition, Plaintiff names the following Defendants in connection with other claims: the County of Dutchess; the Town of Poughkeepsie; Marcus Molinero, Dutchess County Executive; Jonathan Lane, Special Agent, Federal Bureau of Investigation (FBI); Adrian Anderson, Sheriff of Dutchess County; Kirk Imperati, Undersheriff of Dutchess County; Michael Walters, Corrections Administrator of Dutchess County Sheriff's Office; James McAlister, District Executive of State of New York's Ninth Judicial District; Peter Palladino, Chief Clerk for Dutchess County Family Court; William Grady, District Attorney for Dutchess County; Brittany Kessel, Assistant District Attorney of Dutchess County; Paul Callagy, Senior Assistant Public Defender for Dutchess County; and two unknown law enforcement officers.

## DISCUSSION

A.  **Improper Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20 of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Plaintiff filed the original complaint, naming WCDOC as the sole defendant, and alleging that WCDOC's limitations on law library access and other inadequacies in the law library deprived him of his right to access the courts, in violation of the First Amendment. In response to the Court's order directing Plaintiff to amend his complaint to cure its deficiencies, Plaintiff filed a nearly 300-page amended complaint, adding more than two dozen new defendants and asserting unrelated claims arising in facilities not operated by WCDOC, or arising out of his arrest on state charges, or out of his pending Family Court or federal criminal proceedings. For example, Plaintiff names an agent of the FBI, Dutchess County, the Town of Poughkeepsie, employees of the Dutchess County Sheriff's Office, a public defender and a prosecutor, and many others. Plaintiff's claims against these individuals and entities are unrelated to his access-to-court claim arising at WCDOC, and Rules 18 and 20 therefore do not provide for joinder of these claims and parties.

Under Rule 21 of the Federal Rules of Civil Procedure, a district court, "on its own, . . . may at any time, on just terms, add or drop a party." The Court may also "sever any claim against a party." *Id.* "The power to sever claims is committed to the discretion of the district

courts." *Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03-CV-3923, 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004) (citing *New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)). In determining whether to sever a claim, the Court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citing cases).

Upon consideration of these factors, the Court severs and dismisses without prejudice Plaintiff's claims against the following defendants: the County of Dutchess; the Town of Poughkeepsie; Marcus Molinero, Dutchess County Executive; Jonathan Lane, Special Agent, FBI; Adrian Anderson, Sheriff of Dutchess County; Kirk Imperati, Undersheriff of Dutchess County; Michael Walters, Corrections Administrator of Dutchess County Sheriff's Office; James McAlister, District Executive of State of New York's Ninth Judicial District; Peter Palladino, Chief Clerk for Dutchess County Family Court; William Grady, District Attorney for Dutchess County; Brittany Kessel, Assistant District Attorney of Dutchess County; Paul Callagy, Senior Assistant Public Defender for Dutchess County; and two unknown law enforcement officers.

The Court considers on the merits only Plaintiff's claims against Defendants Westchester County; WCDOC Commissioner Joseph Spano, and Deputy Commissioners Nory Padilla, Leandro Diaz, and Michael Gerald; Assistant Wardens Keith Camera, Francis Delgrosso, Walter Moccio, Lafonda Spaulding, and Karl Vollmer; Sergeants Hogue and Florkowski; and Correction Officer Eddy.

B.  **Deprivation of Access To Courts**

A claim for deprivation of access to the courts requires two allegations: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or

hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey,* 518 U.S. 343, 353 (1996)). "[P]rison law libraries and legal assistance programs are not [constitutionally mandated] ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis,* 518 U.S. at 351 (internal quotation marks omitted). Because of this, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Moreover, prison law libraries are merely "one constitutionally acceptable method to assure meaningful access to the courts," *id.*, and "the provision of counsel can be a means of accessing the courts." *Benjamin v. Fraser,* 264 F.3d 175, 186 (2d Cir. 2001).

Here, Plaintiff provides extensive detail in the amended complaint about the perceived inadequacies of WCDOC's law library and how the procedures for addressing the spread of Covid-19 affected law library access. But he references only three legal claims that he suggests were impaired by the law library limitations: First, Plaintiff alleges that his appeals from his convictions in the Towns of Poughkeepsie and East Fishkill were late, and he is unable to seek an extension of time to file a late appeal (ECF 38 at ¶¶ 38-40). Second, Plaintiff suggests that his ability to prepare a defense in his pending federal criminal proceedings, *United States v. Fusco*, ECF 7:20-CR-0156 (CS) (S.D.N.Y.), has been affected. Third, Plaintiff seems to imply that his ability to pursue this litigation has been hindered.

As to the first potential legal claim, Plaintiff fails to plead facts showing that he has a "valid underlying cause of action." *Christopher*, 536 U.S. at 415. Plaintiff alleges that on or about December 13, 2020, he pleaded guilty to contempt of court in the second degree in the Town of Poughkeepsie Justice Court and was sentenced to time-served. (ECF 38 at ¶ 14, 18.) On

January 12, 2021, Plaintiff pleaded guilty to the charges against him in the Town of East Fishkill Justice Court and was released the same day "into the custody of the [FBI]." (ECF 38 at ¶ 19.)

Plaintiff alleges that "NY CPL provides a 30 day window to take an appeal from a criminal conviction. I was still locked in SHU at the Dutchess County Court when this passed, so I just mailed a hand[written] sheet of paper with no case number to Town of Poughkeepsie titled, "Notice of Appeal," that basically read, "I appeal." (*Id.* at ¶ 38.)[2] "[He] attempted to do the same at Town of East Fishkill" but never received a response.[3] (*Id.*)

To state an access-to-courts claim, the United States Supreme Court has required that "the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Harbury*, 536 U.S. at 416. Here, despite Plaintiff's having been granted an opportunity to amend his complaint to identify an arguably meritorious legal claim that has been frustrated by the WCDOC law library limitations, Plaintiff does not provide any information about the basis for his appeals from the judgments of conviction, pursuant to his guilty pleas in the Town Courts.

Moreover, Plaintiff states that he filed his late appeal while he was at Dutchess County Jail – that is, before he was in the custody of the WCDOC – and thus WCDOC's limited law library hours and other alleged inadequacies could not have caused Plaintiff's delay in filing an

---

[2] N.Y. Crim. Proc. Law § 460.10 sets forth the procedure for taking a criminal appeal, and N.Y. Crim. Proc. Law § 460.30 governs extensions of time to appeal.

[3] Under court rules, "if the client gives to counsel timely written notice of his desire to appeal . . ., counsel shall promptly serve and file the necessary formal notice of appeal or application to the appropriate appellate court," though this is not deemed an appearance of counsel. N.Y. Comp. Codes R. & Regs. tit. 22, § 671.3. Plaintiff does not plead any facts about whether he discussed with counsel filing a notice of appeal. Instead, Plaintiff contends that the appointment of defense counsel who represented him in the Town Court criminal proceedings "terminate[d] with judgment," leaving him "unrepresented for the purpose of filing an appeal," (ECF 38 at ¶ 37).

appeal. Plaintiff alleges, for example, that the law librarian at WCJ "called Town of Poughkeepsie Justice Court for [him] to confirm that [they were] actually getting his letters. They were. They were just either ignoring them or sending their responses to [his] attorney Michael Cohn." (ECF 38 at ¶ 37.) Plaintiff fails to plead facts in the amended complaint showing either that he has a valid basis for requesting an extension of time under N.Y. Crim. Proc. Law § 460.30 to appeal the Town Court judgments, or showing that the limited hours, resources, and time of the law librarian at WCDOC prevent him from doing so. *See, e.g., Jones v. Armstrong*, 367 F. App'x 256, 258 (2d Cir. 2010) (noting that plaintiff could not rely on the fact that he defaulted to show that he must have received inadequate assistance).

Second, Plaintiff raises concerns about defending himself in his pending criminal proceedings. A review of the public record reflects that Plaintiff's defense counsel raised the same issues about video visits and discovery material in applications to the district court in *United States v. Fusco*, ECF 7:20-CR-0156, 25 (S.D.N.Y.), and counsel indicated that, because of these issues, he intends to visit Plaintiff in jail in person. Because "the provision of counsel can be a means of accessing the courts," *Benjamin,* 264 F.3d at 186, Plaintiff's general allegations are insufficient at this stage to state a claim that WCDOC law library policies are denying him meaningful access to the courts in connection with his federal criminal proceedings.

Third, Plaintiff suggests that he informed supervisory officials that he needed access to the law library in order to respond to the Court's order to amend in this action. (ECF 38 at ¶ 41.) Plaintiff further alleges that he asks to go to the law library "literally every single day," but on an unspecified date, Correction Officer Eddy Correction Officer Eddy "purposely wouldn't call the Core to see if [Plaintiff] could go to the law library," and the law librarian had to intervene. (*Id.* at ¶ 41.) A claim for deprivation of access to the courts requires hindrance of a valid underlying

11

cause of action *separate* from the right-of-access claim, and allegations in connection with this action for deprivation of the right of access to the court are therefore insufficient.[4] These allegations are thus insufficient to state a cognizable claim. For all of these reasons, Plaintiff's allegations fail to state a claim upon which relief can be granted for the deprivation of access to the courts.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff was already granted an opportunity to amend his complaint, and the amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses without prejudice as beyond the scope of this action Plaintiff's claims against the County of Dutchess; the Town of Poughkeepsie; Marcus Molinero, Dutchess County Executive; Jonathan Lane, Special Agent F.B.I.; Adrian Anderson, Sheriff of Dutchess County; Kirk Imperati, Undersheriff of Dutchess County; Michael Walters, Corrections Administrator of Dutchess County Sheriff's Office; James McAlister, District Executive of State of New York's Ninth Judicial District; Peter Palladino, Chief Clerk for Dutchess County Family Court; William Grady, District Attorney for Dutchess County; Brittany Kessel, Asst. District

---

[4] Plaintiff's timely filing of an amended complaint exceeding 200 pages also belies his claim that limitations on law library access hindered this suit.

Attorney of Dutchess County; Paul Callagy, Senior Assistant Public Defender for Dutchess County; and two unknown law enforcement officers.

The Court dismisses with prejudice for failure to state a claim on which relief can be granted Plaintiff's claims against Westchester County; WCDOC Commissioner Joseph Spano, and Deputy Commissioners Nory Padilla, Leandro Diaz, And Michael Gerald; Assistant Wardens Keith Camera, Francis Delgrosso, Walter Moccio, Lafonda Spaulding, and Karl Vollmer; Sergeants Hogue and Florkowski; and Correction Officer Eddy.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  August 23, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge